**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER LEE WELCH,

Plaintiff,

v.

THE UNITED STATES SUPREME COURT, et al.,

Defendants.

Case No.: 3:25-cv-02732-RBM-MSB

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2]**

**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

On October 15, 2025, Plaintiff Christopher Lee Welch ("Plaintiff") filed a Complaint (Doc. 1) and an Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Motion") (Doc. 2).  For the reasons discussed below, Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and Plaintiff's Complaint is **DISMISSED with leave to amend**.

## I.      DISCUSSION

A motion to proceed *in forma pauperis* ("IFP") presents two issues for the Court's consideration.  First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court.  *See* 28 U.S.C. §§ 1914(a),

---

[1] In addition to the $350 statutory fee, civil litigants typically must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1915(a).  An applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a).  Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").  The Court addresses each issue in turn.

**A.    Plaintiff's IFP Application**

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted).  No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."  *Escobedo*, 787 F.3d at 1235.  Consequently, courts must evaluate IFP requests on a case-by-case basis.  *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff represents that he is experiencing homelessness and "live[s] in a San Diego shelter with no income."  (Doc. 2 at 5.)  He represents in his IFP Motion that he receives $294 a month in public assistance, but otherwise has no income or assets.  (*Id.* at

However, the additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id*.

1–4.)  Accordingly, the Court is persuaded that Plaintiff cannot pay the filing fee and "still afford the necessities of life."  *Escobedo*, 787 F.3d at 1234 (citation omitted).  The Court therefore exercises its discretion and **GRANTS** Plaintiff's IFP Motion.

**B.      Screening Under 28 U.S.C. § 1915(e)**

Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B).  *Lopez*, 203 F.3d at 1127.  Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)–(2).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  "[O]ur 'obligation' remains, 'where the petitioner is *pro se*, . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'"  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  However, the Court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**1.      The Complaint**

Plaintiff brings his Complaint against the United States Supreme Court, the State of Texas, the Department of the Interior, the Bureau of Indian Affairs, the Department of Justice, and the State of Georgia.  (*See* Doc. 1 at 1–3.)  He alleges that "Federalism from Texas-Georgia urged the capital to inadvertently allow small, steady growing extremist

3

factions to extort and exert their own agendas on the Native population, some of them weaponized enough to extract natural resources such as oil, silver, copper, leather, tobacco, gaming, gold, iron and more." (*Id.* at 6.)  He asks that the Court "investigate active counter Constitution members enforcing open-air prison and cognitive prison operations on tribal lands" and "prosecute members under Crimes Against the United States Constitution and Conspiracy to Overthrow the United States Government impairing her Rights of Defense against domestic terrorists and/or land piracy." (*Id.* at 9.)  He also requests that the Court "persecute Project 2025 to the full extent of Universal Law by barring access to powers, freezing assets and holding its authors and enforcers in universal containment," and "order Native Reservations be incorporated municipalities with federally subsidized start-up funding of $30m–$3.9B per Incorporation." (*Id.*)

**2.      Failure to State a Claim**

"By any measure, Plaintiff's complaint fails to contain 'a short and plain statement' of either the grounds for the court's jurisdiction or Plaintiff's claim for relief.  Plaintiff's [Complaint] is rambling, disjointed, nearly impossible to follow, and rife with legal conclusions." *De La Hoz v. Gov't of the United States*, CASE NO. C18-1370JLR, 2018 WL 4773407, at *4 (W.D. Wash. Oct. 3, 2018).  The Court cannot infer the nature of the dispute or any specific claim against any of the Defendants. (*See* Doc. 1 at 9 (alleging only that the Court "prosecute members under Crimes Against the United States Constitution").)  Therefore, Plaintiff has not stated "a claim to relief that is plausible on its face" against any of the Defendants.  *See Ashcroft*, 556 U.S. at 678.

**3.      Defendants Immune from Suit**

The Court also has concerns regarding Defendants' immunities from suit.  First, the states of Texas and Georgia may be immune from suit.  *See Air Transp. Ass'n of Am. v. Pub. Utils. Comm'n of Cal.*, 833 F.2d 200, 203–04 (9th Cir. 1987) (noting that, with limited exceptions, "[t]he eleventh amendment, by its terms, prohibits suits brought against a state by a citizen of another state," and that the "Supreme Cout has held that the amendment also prohibits suits against a state by citizens of the state sued") (citing *Hans v. Louisiana*, 134

4

U.S. 1, 10 (1890)).  Second, the federal government may be immune from suit.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")  Third, the United States Supreme Court may be immune from suit.  *See Christ v. Hixson*, Case No. 3:22-cv-02401-LB, Case No. 3:22-cv-02404-LB, Case No. 3:22-cv-02407-LB, 2022 WL 21768595, at *3 (N.D. Cal. Apr. 29, 2022) ("the claims against the Supreme Court are barred by absolute judicial immunity").  If he chooses to file an amended Complaint, Plaintiff must either sue Defendants not immune from suit or demonstrate why the Defendants at issue are not immune from suit.  *See Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1272 (9th Cir. 1991) (affirming the district court's dismissal of a lawsuit because "all of the defendants enjoy immunity from this suit").

## II.    CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED with leave to amend**.  Plaintiff may file an amended Complaint that addresses the deficiencies above on or before **July 10, 2026**.  If Plaintiff declines to file an amended Complaint, his case may be closed.

**IT IS SO ORDERED.**

DATE:  June 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE